## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TODD D. GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00982-SRC |
| | ) | |
| DENNIS J. BARTON, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum and Order

This matter comes before the Court on [13] Defendants' Motion to Dismiss.  Defendants Dennis J. Barton, The Barton Law Group, LLC, and Consumer Adjustment Company, Inc. move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff Todd D. Gregory's Complaint, Doc. 1, for failure to state a claim.  The Court grants, in part, and denies, in part, Defendants' motion.

## I.      Background

The Court accepts Gregory's well-pleaded factual allegations as true for purposes of the motion to dismiss.  Gregory's Complaint, Doc. 1, alleges the following:

Todd Gregory was married to his late wife, Angela Gregory, until her death from metastatic cancer in December 2017.  Docs. 1 at ¶¶ 28–29 and 1-7.  Angela's[1] long battle with cancer incurred significant medical bills.  *Id.*  One medical provider that billed Angela was St. Luke's Hospital.  *Id.* at ¶ 27.  In January 2015, St. Luke's sent Angela three billing statements for medical services, totaling $3,398.63.  Doc. 1-4.  Gregory was unaware of the billing statements

---

[1] The Court refers to Angela Gregory by her first name only for ease of identification, and not to imply any familiarity.

1

addressed and sent to Angela, and St. Luke's did not send him a billing statement or a demand

for payment before or after Angela's death.  *Id.* at ¶¶ 23, 34.

Four years passed.  St. Luke's assigned its claim for unpaid medical bills against Gregory

to Consumer Adjustment Company, Inc.  Doc. 14-2.  On July 29, 2019, Barton—an attorney

retained by Consumer Adjustment Company—sent a collection letter to Gregory.  The letter

stated that "Barton Law Group, LLC represents St. Luke's Episcopal-Presbyterian Hospitals

d/b/a St. Luke's Hospital."  Doc. 1-3.  The letter further advised that Barton and Barton Law

Group were "debt collectors in an attempt to collect a debt."  *Id.*  Finally, the letter stated:

> As of the date of this letter, you owe $4741.97.  Because of interest, the amount
> due on the day you pay will be greater.

*Id.*  The following month, Barton filed a collection action in state court on behalf of Consumer

Adjust Company, Inc. against Gregory.  Doc. 14-1.  The petition in the collection action alleged

that Gregory incurred charges with St. Luke's totaling $3,398.63.  *Id.*  The petition further

alleged that "there remains a balance due on said account in the amount of $3398.63 plus interest

starting on 03/09/2015."  *Id.*

Gregory then filed the present action, alleging that Defendants' conduct violated the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), and the Missouri

Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq*. (MMPA).  Doc. 1.

## II.    Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure  a party may move to

dismiss a claim for "failure to state a claim upon which relief can be granted." The notice

pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement

showing that the pleader is entitled to relief." To meet this standard and to survive a Rule

12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).  Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]"  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted.  *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78.

### III.    Discussion

Defendants move to dismiss all claims in Gregory's Complaint.  The Complaint alleges violations of the FDCPA, sections 1692e and 1692f, and the MMPA.  The Court first considers Defendants' motion to dismiss Gregory's FDCPA claims.

### A.    FDCPA claims

The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692.  The statute defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a.  Gregory alleges that Defendants are "debt collectors" within the meaning of the statute because they "regularly engage in the collection of debts owed to others in Missouri using mail, telephone and legal process."  Doc. 1 at ¶¶ 8–15.

Gregory further alleges that Defendants violated sections 1692e and 1692f of the FDCPA by falsely representing that he owed interest on his deceased wife's medical bills and attempting to collect that interest.  Section 1692e prohibits a debt collector from using "any false representation or means in connection with the collection of any debt," including, among others, "the false representation of the character, amount, or legal status of any debt."  15 U.S.C. § 1692e(2)(A).  Section 1692f prohibits a debt collector from using "unfair on unconscionable means to collect or attempt to collect any debt," including, among others, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

4

In *Coyne v. Midland Funding LLC*, 895 F.3d 1035 (8th Cir. 2018), the Eighth Circuit considered the application of these sections to the attempted collection of interest not authorized by state law.  The Court held that "an attempt to collect a debt not owed is a material violation of § 1692f(1)" and that "a false representation of the amount of a debt that overstates what is owed under state law materially violates § 1692e(2)(A)."  *Id.* at 1038.  In *Coyne*, the plaintiff alleged that a debt collector tried to collect compound interest the plaintiff had not agreed to. Accordingly, because Minnesota law does not permit compounding interest unless provided for in a contract, the Eighth Circuit reversed the district court's dismissal for failure to state a claim. *Id.*

In the present case, Gregory alleges that Defendants falsely represented he owed interest not authorized by Missouri law and attempted to collect that interest, in violation of FDCPA sections 1692e and 1692f.  Doc. 1 at ¶ 51-58.  Defendants argue that Gregory's Complaint fails to state a claim because Missouri law allows them to collect the disputed interest.  Doc. 13. Specifically, Defendants contend that Missouri's doctrine of necessaries and statutory interest provision combine to authorize prejudgment interest on these facts.  *Id.*

"The common law doctrine of necessaries is the law in Missouri."  *Med. Servs. Ass'n v. Perry*, 819 S.W.2d 82, 83 (Mo. Ct. App. 1991).  The doctrine of necessaries "requires a husband to pay the necessary medical expenses of his wife."  *Id.* at 84; *see also Wilt v. Moody*, 254 S.W.2d 15, 19 (Mo. 1953) ("It is elementary that the husband is liable for the reasonable medical expenses of his wife residing with him.").  "Although historically the doctrine originally required only a husband to pay the necessary expenses of his wife, the doctrine is now gender neutral and applies equally to each spouse."  *Perry*, 819 S.W.2d at 83.  The parties agree that the doctrine of necessaries applies in this case.  Doc. 16 at 6.  Accordingly, Gregory does not dispute that he is

financially responsible for the principal balance of Angela's medical bills.  He only disputes that

he owes Defendants prejudgment interest.

Defendants argue they are entitled to prejudgment interest under Mo. Rev. Stat. §

408.020.  That statute provides in relevant part:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum,
> when no other rate is agreed upon, for all moneys after they become due and
> payable, on written contracts, and on accounts **after they become due and demand
> of payment is made**[.]

*Id.* (emphasis added).  Gregory's Complaint alleges that Defendants did not demand payment of

him, and that he was unaware of the amount of his wife's medical debt, until he received

Defendants' collection letter.  Doc. 1 at ¶¶ 31-34.  Defendants contend that interest began to

accrue under the statute when they demanded payment from Angela, and that Gregory is

responsible for the entire debt—including interest—under the doctrine of necessaries.  Doc. 14 at

7.

Thus, Defendants' motion to dismiss presents the Court with a pure question of law:  Is a

husband responsible for statutory prejudgment interest on his wife's medical debt under the

doctrine of necessaries, even if demand for payment was not made on the husband?  If the

answer to this question is "no," then Gregory's Complaint states an FDCPA claim.  *Coyne*, 895

F.3d at 1038 ("a false representation of the amount of a debt that overstates what is owed under

state law materially violates § 1692e(2)(A)").  Conversely, if the answer to this question is "yes,"

then Defendants' demand letter and collection action only sought to collect what they were

legally owed, and the Court must grant Defendants' motion to dismiss.

Gregory suggests that the question before the Court is a novel issue of law that no

Missouri appellate court has previously considered.  Doc. 16 at 2.  Defendants respond that,

under Missouri's doctrine of necessaries, a "husband is responsible for both the principal amount

6

of medical bills as well as prejudgment interest."  Doc. 14 at 7.  The only case Defendants cite for this proposition is *St. Luke's Episcopal-Presbyterian Hospital v. Underwood*, 957 S.W.2d 496 (Mo. Ct. App. 1997).  The Court finds this case inapposite.  In *Underwood*, the Missouri Court of Appeals reversed the trial court's judgment in favor of a husband and wife on a hospital's claim to recover unpaid medical bills.  *Id.* at 498.  After noting that the hospital's claim was for the unpaid balance of the husband's account "plus interest," the Court remanded for new trial because the trial court wrongly found the hospital had failed to show the charges were reasonable and necessary.  *Id.* at 498–99.  The Court of Appeals did not hold—or even address—whether upon new trial the hospital would be entitled to prejudgment interest.  Further, *Underwood* does not suggest that the hospital failed to make timely demand on either the husband or wife.  In sum, *Underwood* is distinguishable on its facts and does not answer the question before this Court.  Based on its own research, the Court agrees with Gregory that no Missouri appellate court has squarely addressed this issue.

Absent controlling authority from the state supreme court, "a federal court sitting in diversity must attempt to predict what that court would decide if it were to address the issue." *Raines v. Safeco Ins. Co. of Am.*, 637 F.3d 872, 875 (8th Cir. 2011); *see also EMC Ins. Companies v. Entergy Arkansas, Inc.*, 924 F.3d 483, 485 (8th Cir. 2019) ("When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the same issue before us.").  "In pursuing this endeavor, [the Court] may consider 'relevant state precedent, analogous decisions, considered dicta, ... and any other reliable data.'"  *Raines v. Safeco Ins. Co. of Am.*, 637 F.3d 872, 875 (8th Cir. 2011) (quoting *Lindsay Mfg. Co. v. Hartford Accident & Indem. Co.*, 118 F.3d 1263, 1268 (8th Cir. 1997)).

Based on the text of Mo. Rev. Stat. § 408.020 and relevant precedent, the Court predicts that the Missouri Supreme Court would not hold a husband responsible for prejudgment interest on his wife's medical debt under the doctrine of necessaries absent a demand made on the husband. The parties agree that Gregory's responsibility for his wife's medical debt derives from the common law doctrine of necessaries. But Missouri common law does not provide for the award of prejudgment interest. Rather, in Missouri, "[a]n allowance of interest must be based upon either a statute or a contract, express or implied." *Boyle v. Crimm*, 363 Mo. 731, 742 (Mo. 1952). Neither party argues that Gregory entered into a contract with Defendants to pay prejudgment interest. Thus, any liability Gregory has for interest must be statutory.

As noted above, Mo. Rev. Stat. § 408.020 provides that prejudgment interest begins to accrue only after "demand of payment is made." *Id.* A demand for payment must be definite as to both time and amount, and made "on the debtor party." *Juan v. Growe*, 547 S.W.3d 585, 597 (Mo. Ct. App. 2018). Interpreting this provision, the Missouri Court of Appeals has stated that "[a] debtor is not liable for interest when the debtor does not know the amount due." *McCormack v. Stewart Enterprises, Inc.*, 956 S.W.2d 310, 314 (Mo. Ct. App. 1997). Gregory specifically alleges that he did not know the amount of his wife's unpaid medical debt (or, in fact, that there was any unpaid balance) until he received Defendants' collection letter. Doc. 1 at ¶ 55. Thus, the Court finds that Gregory's responsibility for interest under § 408.020 did not begin to accrue until Defendants demanded payment via the collection letter. But the amount demanded in Defendants' collection letter included interest accrued for more than *four years* prior to the letter. *See* Doc. 14 at 3. The Court finds that § 408.020 does not authorize this interest.

Defendants argue that the statute's requirement of a demand on the "debtor party" was satisfied by their demand for payment Angela. Doc. 16 at 8. Thus, Defendants contend, interest

8

began to accrue against Angela at that time and Gregory is responsible for the entire debt under the doctrine of necessaries.  *See* Doc. 19 at 2 ("[N]ot only does the doctrine of necessaries make both a patient and her spouse liable for the principal amount of the medical bills, it holds the spouse liable for interest starting on the date the patient was sent an invoice for those services."). In support, Defendants cite *Estate of Bonner*, 954 S.W.2d 356 (Mo. Ct. App. 1997), but that case does not stand for so broad a proposition as Defendants suggest.  In *Bonner*, the Court of Appeals stated: "The obligated party under the doctrine [of necessaries] does not have to know of or assent to medical services for it to apply."  *Id.* at 363 (citing *Perry*, 819 S.W.2d at 83-84). But neither *Bonner* nor *Perry* says anything at all about interest.  These cases only establish that a party obligated under the doctrine of necessaries is liable for the cost of necessary medical services even if they did not "know of or assent to" their provision.  Gregory does not dispute liability for the principal balance of his wife's medical bills.  Rather, he argues that he does not owe interest under § 408.020 because Defendants made no demand on him personally.

Missouri courts have repeatedly noted that "[t]he purpose of statutory prejudgment interest is to promote settlement of lawsuits and fully compensate plaintiffs by accounting for the time-value of money."  *Comens v. SSM St. Charles Clinic Med. Grp., Inc.*, 335 S.W.3d 76, 80 (Mo. Ct. App. 2011) (quoting *Children Intern. v. Ammon Painting Co.*, 215 S.W.3d 194, 203 (Mo. Ct. App. 2006)); *see also McCormack*, 956 S.W.2d at 314 (the "underlying purpose" of § 408.020 is "to furnish an incentive for prompt payment of monetary obligations and to compensate the creditor for the debtor's failure to do so").  The Court finds that these purposes would be undercut rather than advanced by the rule that Defendants propose.  If a spouse is liable for prejudgment interest under the doctrine of necessaries, despite ignorance of the debt, then creditors will be incentivized to delay demand on the spouse as long as possible to let interest

9

accrue.  The present case illustrates the point.  Here, Defendants allowed four years of interest to accrue before they made demand on Gregory.  Conversely, requiring the creditor to make demand on the spouse *before* interest begins to accrue will incentivize the spouse to make prompt payment and promote settlement.

In sum, the Court predicts, based on the text of Mo. Rev. Stat. § 408.020 and relevant precedent, that the Missouri Supreme Court would not hold Gregory responsible for prejudgment interest on Angela's medical debt before the date that Defendants made demand on him. Accordingly, Gregory's allegation that Defendants falsely stated that he owed, and attempted to collect, such prejudgment interest states a claim under the FDCPA.  *Coyne*, 895 F.3d at 1038. The Court thus denies Defendants' motion to dismiss Gregory's FDCPA claims.

### B.      MMPA claim

The MMPA prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale ... of any merchandise."  Mo. Rev. Stat. § 407.020(1).  The statute provides a private civil action to one "who purchases . . . merchandise primarily for personal . . . purposes and thereby suffers an ascertainable loss . . . as a result of the use or employment by another person of a . . . practice declared unlawful by section 407.020."  Mo. Rev. Stat. § 407.025(1). Medical goods and services are "merchandise" for purposes of the MMPA.  *Freeman Health System v. Wass*, 124 S.W.3d 504, 507 (Mo. Ct. App. 2004).

Defendants move to dismiss Gregory's MMPA claim because, among others, Gregory does not allege any "ascertainable loss."  Mo. Rev. Stat. § 407.025(1).  "An ascertainable loss of money or property is an essential element of a cause of action brought under the MMPA." *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014).  Gregory's

Complaint seeks "actual damages" for Defendants' attempt to collect interest, Doc. 1 at 73, but Gregory does not allege that he has suffered any actual loss of money or property.  Gregory does not allege, for example, that he paid Defendants any portion of the unauthorized interest that he now seeks to recover.  Because Gregory's Complaint does not allege any ascertainable loss, the Court grants Defendants' motion to dismiss Gregory's MMPA claim.

The Court grants, in part, and denies, in part, [13] Defendants' Motion to Dismiss, as set forth in detail above.


So Ordered this 31st day of December 2020.

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**